IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-76,984-01 and WR-76,984-02 







PATRICK McCANN, et al., Relators


v.



THE HONORABLE BRADY ELLIOT, Judge, 268th District Court, Respondent









ON MOTION FOR LEAVE TO FILE APPLICATION FOR WRIT OF
MANDAMUS AND WRIT OF PROHIBITION FROM CAUSE NO. 10-DCR-54,233, ALBERT JAMES TURNER, APPLICANT,

IN THE 268TH JUDICIAL DISTRICT COURT

FORT BEND COUNTY




 Per Curiam. 


O R D E R



 We have before us a motion for leave to file an application for writ of mandamus and
a writ of prohibition, an application for writ of mandamus, and an application for a writ of
prohibition.

 Before deciding whether to grant relators leave to file their petition, we discovered
that the circumstances in the case had changed. Specifically, the trial court allowed the
Office of Capital Writs (the OCW) to withdraw as habeas counsel in the case, and it
appointed new counsel. The matter underlying this proceeding involved a motion from the
OCW asking the trial court to order trial counsel to turn over their trial files so that OCW
could conduct a proper investigation before preparing an application for writ of habeas
corpus on behalf of applicant, Albert James Turner. The OCW filed the motion because
relator trial counsel refused to turn over their files absent a release signed by their client
(applicant), and applicant refused to sign the release. The order issued by the trial court
specifically ordered trial counsel to turn their files over to "the Office of Capital Writs." 
Because the OCW is no longer involved in this case, the purpose of the order has been
rendered moot, as has any perceived need or duty to vacate that order.

 In light of these events, relators are denied leave to file for mandamus and prohibition
relief without prejudice to file again should circumstances change.

 IT IS SO ORDERED THIS THE 7th DAY OF MARCH, 2012.


Do Not Publish